**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) **Plaintiff,** ) ) v. ) ) J.D.J. RESTAURANT, INC. d/b/a ) PAPA T's PIZZA & PUB, ) J.W. SAPHIRE, INC. d/b/a ) PAPA T's NIGHT CLUB and ) PAPA T'S FINE ITALIAN CUISINE, ) INC. d/b/a PAPA T's CORP., ) ) **Defendants.** ) ) ) | Case No. JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jessica Zubrzycki ("Zubrzycki") and a class of female employees who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant J.D.J. Restaurant, Inc. d/b/a Papa T's Pizza Pub; Defendant J.W. Saphire, Inc. d.b.a Papa T's Night Club; and Defendant Papa T's Fine Italian Cuisine, Inc. d/b/a Papa T's Corp. (hereinafter collectively referred to as "Defendants") discriminated against Zubrzycki and a class of female employees by subjecting them to sexual harassment. EEOC further alleges that Defendants retaliated against Zubrzycki by firing her when she complained of the sexual harassment, in violation of Title VII.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

**PARTIES**

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been corporations doing business in the State of Illinois and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty (30) days prior to the institution of this lawsuit, Zubrzycki filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2007, Defendants have engaged in unlawful employment practices at its various facilities, including but not limited to, Burbank, Chicago, Evergreen Park and Midlothian, Illinois, in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a).

These practices include, but are not limited to, sexually harassing Zubrzycki and a class of female employees by creating and tolerating a sexually hostile work environment through offensive comments of a sexual nature and unwelcome touching.

8. Since at least July 2007, Defendants have engaged in unlawful employment practices at its Burbank, Illinois, location in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices include, but are not limited to, subjecting Zubrzycki to retaliation after she complained of sexual harassment by terminating her employment.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Zubrzycki and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Zubrzycki and a class of female employees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C. Order Defendants to make whole Zubrzycki by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including, but not limited to, rightful place reinstatement;

D. Order Defendants to make whole Zubrzycki and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

E. Order Defendants to make whole Zubrzycki and a class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendants to pay punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


P. David Lopez
General Counsel

James Lee
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

/s John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s June Wallace Calhoun
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312/353-7259
june.calhoun@eeoc.gov
ARDC No. 06202058